State of Vermont
Superior Court—Environmental Division

==========================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

**In re Budget Inn NOV**                                    **Docket No. 50-4-13 Vtec**
**(Appeal of Daat, Inc., David Singh from City of Barre DRB)**

Title: Motion for Summary Judgment (Filing No. 1)
Filed: July 16, 2013
Filed By: Appellants Daat, Inc. and David Singh
Response in opposition filed on 9/3/13 by the City of Barre
Reply to opposition filed 10/16/2013 by Appellants

___ Granted                         _X_ Denied                         ___ Other

This appeal arises from a Notice of Violation ("NOV") issued by the City of Barre ("the City") citing Daat, Inc. and its principal, David Singh, ("Appellants") for violating the City of Barre Zoning Regulations ("the Regulations"). The City argues that the practice of letting rooms to individuals for longer than 30 days is not an allowed "Accommodation, Motel" use and therefore Appellants' use does not comply with the Regulations. Appellants appealed the City's NOV regarding this use to the City of Barre Development Review Board ("the DRB"). When the DRB affirmed the NOV determination that Appellants were operating the Budget Inn in violation of the current Regulations, Appellants filed a timely appeal with this Court.

The property at issue is located at 573 North Main Street in the City of Barre in the Commercial Zoning District. The location has housed a motel use since the early 1950s. Appellants submitted affidavits and other evidence suggesting that the motel's regular practice in the past allowed motel guests to stay as long as they wish, including stays of longer than 30 days. Appellants do not dispute that some current motel guests have lived there for many months and that there is no policy requiring guests to limit their stays.

The current Regulations define "Accommodation, Motel" as "[a] use of a structure which (a) contains living and sleeping accommodations used primarily for transient occupancy to the general public on a daily basis for compensation, with the exception of the manager's or caretaker's unit . . . ." Regulations § 2.2.01 at 11 (emphasis added). The Regulations also define "Accommodation, Extended Stay Motel/Hotel" as:

> A hotel or motel containing furnished apartment-type units rented on a short term basis each with a kitchen . . . , bath, living space, and separate bedroom/sleeping space. No more than fifteen percent (15%) of the units shall contain more than one bedroom. Guests shall not stay for more than one hundred eighty (180) days in any three hundred sixty five (365) day period.

Id. An "Accommodation, Motel" is a permitted use in the Commercial District and an "Accommodation, Extended Stay Motel/Hotel" is a conditional use. Id. at Art. 6 (Table of Uses p. 52).

Appellants filed a Statement of Questions with three questions presenting three different legal grounds for dismissing the notice of violation:

1. Whether the Budget Inn is a preexisting, (allegedly) nonconforming use, and therefore exempt from recent changes to the Barre City Bylaws, as its practice of allowing residents to remain longer than 30 days was in place for many years before the City adopted regulations requiring "primarily" transient occupants at the motel.

2. Whether the practice of renting rooms primarily to persons who reside more than 30 days in a room at the Budget Inn was in place for longer than 15 years, thereby placing the "violation" (without admitting there is one) beyond the City's ability to enforce. 24 V.S.A. § 4454(a) (fifteen years); Barre City Bylaws, § 14.3.05(3) (ten years, application only to subsequent purchasers, burden on respondent to prove when "violation" first occurred).

3. Whether the Budget Inn is primarily for transients; whether the few units that are rented longer then 30 days, as compared to units that are rented for 30 days or less, are sufficient in number to justify a defense to a claim that the Inn is not in accord with present Barre City zoning bylaws.

Appellants' Notice of Appeal and Statement of Questions at 1–2, filed Apr. 24, 2013. Appellants now move for summary judgment in their favor under one or all of these three theories.

We will grant summary judgment if a moving party (here, Appellants) shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, the City) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1).

Appellants argue that the practice of allowing guests to stay longer than 30 days pre-dates the enactment of the applicable provisions of the current zoning regulations and should therefore be regarded as a preexisting nonconforming use. Nonconforming uses are exempted from the requirements of the zoning regulations by statute and the Regulations themselves. A "nonconforming use" is defined by statute as a "use of land that does not conform to the present bylaws but did conform to all applicable laws, ordinances, and regulations prior to the enactment of the present bylaws, including a use improperly authorized as a result of error by the administrative officer." 24 V.S.A. § 4303(15). Thus, "[i]n order to determine whether a landowner has the right to continue a nonconforming use, it is necessary first to determine when the use was once lawful, and then to determine which amendment to the zoning ordinance made the use nonconforming and what was the extent or level of the use at that time." In re Wesco Inc. NOV, No. 106-5-07 Vtec, slip op. at 13–14 (Vt. Envtl. Ct. Mar. 6, 2008) (Wright, J.) (citations and footnote omitted).

Even if Appellants presented evidence sufficient to establish that the practice of allowing motel guests to stay longer than 30 day dates back to the 1990s, or before, this does not establish as a matter of law that the use conformed to the prior regulations. Appellants admit that if the

motel ever had a permit for this use in the past it has since been lost.  Appellants have provided all versions of the City of Barre Zoning Regulations dating back to 1950, when the Regulations were first adopted.  We cannot, however, say as a mater of law based on these prior Regulations and the facts provided by Appellants when, if ever, the use in question was legally established.  Without a more substantial showing that the practice at issue did in fact at one time conform to prior Regulations (or pre-dates those Regulations) and what specific amendment put the use into nonconformance, we cannot grant summary judgment on this issue.  Appellants will have the opportunity at trial to establish through admissible evidence that the past use was in conformance with past regulations and the extent of the use at that time.

Appellants also argue that prosecution is barred by the 15 year statute of limitations contained in 24 V.S.A. 4454(a).  However, this provision does not operate as an absolute bar to long-standing use violations because "use violations are analyzed as continuing or recurring violations."  City of Burlington v. Richardson, No. 188-10-03 Vtec, slip op. at 12 (Vt. Envtl. Ct. June 27, 2006) (Wright, J.).  A use violation that has never been legally established (and therefore cannot establish itself as a lawful nonconforming use) can be subject to an enforcement action at any time, particularly when the alleged use violation is ongoing.  Also, because a use violation is a continuing or recurring violation, the 10 year statute of limitations contained in the Regulations at § 14.3.05(3) does not prohibit the City from enforcing the Regulations in this case.  From the facts Appellants have thus far presented, we cannot conclude that Appellants' use of their motel, cited in the pending NOV, constitutes a lawful pre-existing nonconforming use.

Finally, Appellants argue that the practice of allowing guests to stay for longer than 30 days is not a violation of the Regulations as it does not clearly fall outside the definition of "Accommodation, Motel."  Appellants argue that the current and past use of the property is *primarily* for transient occupancy.  It is undisputed that at the time the NOV was served upon Appellants, approximately 6 out of 24 rooms in the motel were occupied by guests who have stayed for longer than 30 days.  Appellants argue that this necessarily means that the *primary* use of the property is for transient occupancy.  However, Appellants also admit that the motel has no policy of requiring *any* guest to limit his or her stay at all.  The undisputed facts presented by Appellants, viewed in a light most favorable to the City, are not sufficient to establish that as a matter of law that the use of the property complies with the Regulations.  We therefore cannot, on the facts thus far presented, grant Appellants summary judgment on this issue.

We look forward to a full presentation of admissible evidence at trial to assist us in determining whether Appellants' use of the Budget Inn is "primarily for transient occupancy" and therefore in conformance with the current Regulations.  Appellants have presented persuasive legal arguments that we must interpret this regulatory provision in a manner that affords clarity and fair notice of what is allowed and prohibited by the language the City chose to use in its Regulations.  We also find persuasive the City's arguments that the whole ordinance must be read when attempting to understand what is permitted as an "Accommodation, Motel." Specifically, we recognize that extended stay facilities are permitted in the same zoning district as a conditional use, with specific stay restrictions outlined in the definition for an "Accommodation, Extended Stay Motel/Hotel."  These legal arguments will guide our analysis of the evidence presented at trial.

Accordingly we **DENY** Appellants' motion for summary judgment.  We look forward to receiving evidence at trial regarding Appellants' practices and policies in operating the Budget

Inn in question. We also look forward to a site visit at Appellants' property, so that we may have some context for the evidence presented at trial.


_____                    _____November 19, 2013_____
           Thomas S. Durkin, Judge                                          Date
=================================================================

Date copies sent: _____                                      Clerk's Initials _____
Copies sent to:
   Attorney Paul S. Gillies for Appellants David Singh and Daat, Inc.
   Attorney Robert Halpert for interested person the City of Barre